1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERNEST L. COX,                              No.  2:19-cv-1637 DB P

12                  Plaintiff,

13        v.                                     ORDER

14   SCOTT KERNAN, et al.,

15                  Defendants.

16

17        Plaintiff is a state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C.

18   § 1983.  Plaintiff claims his rights were violated in connection with a 2014 rules violation for

19   allegedly overfamiliar contact with a correctional officer.  Presently before the court is plaintiff's

20   motion to proceed in forma pauperis (ECF No. 4) and his complaint for screening (ECF No. 1).

21   For the reasons set forth below the court will grant the motion to proceed in forma pauperis and

22   dismiss the complaint with leave to amend.

23                                **IN FORMA PAUPERIS**

24        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

25   1915(a).  (ECF No. 4.)  Accordingly, the request to proceed in forma pauperis will be granted.

26        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

27   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

28   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

                                        1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. <u>Bivens</u>, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. <u>See Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. <u>See Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

## II.    Allegations in the Complaint

Plaintiff claims the events giving rise to his claims occurred while he was incarcerated at Mule Creek State Prison ("MCSP"). (ECF No. 1 at 3.) Plaintiff names as defendants in this action: (1) Scott Kernan, former Secretary of the California Department of corrections and Rehabilitation ("CDCR"); (2) Joe Lizarraga, Warden at MCSP; (3) L. Olivas, Correctional Captain; and (4) R. Grimes, Correctional Officer. (ECF No. 1 at 3.)

Plaintiff claims that he would frequently talk to correctional officer Grimes, who supervised him while he was working as a porter, or janitor. (ECF No. 1 at 4-5.) He states that he and Grimes would typically speak while she was seated at the command station. He further states that they discussed her personal life and she read plaintiff's writings. Plaintiff states that one day while they were talking, lieutenant Allen approached the command station and observed their conversation. (ECF No. 1 at 6.) They stopped talking and Allen stated, "It's too late, I saw too much already." (Id.)

When plaintiff approached Grimes at the command station the following day, she told him she had been warned about talking to inmates at the command station. (ECF No. 1 at 7.) Grimes also told plaintiff that "writing is good therapy." (Id.) Plaintiff claims he took this statement to mean that Grimes wanted plaintiff to reduce their conversations to writing.

On April 9, 2014, plaintiff spoke to Grimes about rumors spread by other inmates relating to Grimes. (Id.) Specifically, he told her an inmate named Angel stated Grimes was his girl, that she was seen attempting to enter the staff rest room with Angel, as well as other information. Plaintiff wrote down the information and told Grimes "that the letter was not a good letter but that she will want to know the information." (Id.) Grimes told plaintiff the letter would remain confidential and that she wanted plaintiff to give her the letter. (Id.)

Plaintiff alleges that Grimes took the letter home with her when she left work that evening. Plaintiff alleges that when Grimes returned to work after her regularly scheduled days off, on April 12, 2014 she turned in the letter plaintiff had given her. (Id. at 9.) Plaintiff alleges that Allen and captain Olivas questioned Grimes about the allegation in the letter that she flirted and conversed with inmates in an overly familiar manner. (Id. at 10.) He further alleges that Grimes blamed plaintiff and stated that her conduct had not given him any reason to believe that it was okay to give her a letter.

Plaintiff was then questioned by Allen. Allen told plaintiff that prison staff, including Olivas and Warden Lizarraga were concerned that plaintiff was trying to establish a relationship with Grimes. Plaintiff states he was fired from his prison job, moved to a different housing unit, and instructed to stay away and refrain from looking at Grimes. (Id.)

Plaintiff received a rules violation report.  (Id. at 11.)  Plaintiff challenges the accuracy and the authenticity of the report.  Plaintiff states a disciplinary hearing regarding the RVR took place on April 19, 2014 with Allen presiding.  Plaintiff alleges Allen stated that the witnesses plaintiff wanted to call were irrelevant and denied plaintiff's request to call Grimes as a witness.  (Id. at 11-12.)  Plaintiff was ultimately found guilty; as a result, he lost thirty days of behavioral credits and was confined to his quarters for ten days.  (Id. at 12.)

**III.     Does Plaintiff State a Claim Under § 1983?**

Plaintiff has alleged the following legal theories of relief: (1) the "RVR constitutes a false report; (2) he was "entrapped into conversing with, and giving" Grimes the letter; (3) Grimes' conduct amounted to sexual harassment and infliction of emotional distress; (4) CDCR failed to create written rules or instruct inmates regarding the proper reaction to overfamiliar staff behavior; and (5) his due process rights were violated during the disciplinary hearing process. The court will address each theory in turn below.

**A.  Violation of State Law and/or Prison Regulations**

Plaintiff claims the RVR authored by Grimes was a false report in violation of Califorina State law and CDCR regulations.  (ECF No. 1 at 13.)  Plaintiff alleges the RVR could not have been authored on Monday April 10, 2014 because Grimes' days off were Sundays and Mondays. The body of the RVR states that plaintiff gave Grimes a letter on Sunday April 9, 2014.  (Id. at 11.)  However, the court notes that the calendar date of April 10, 2014 took place on a Thursday. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also Horowitz v. GC Services Ltd. Partnership, 2015 WL 1959377 at *3 (S.D. Cal. Apr. 28, 2015) (finding that a "calendar date is not subject to reasonable dispute because the accuracy of a calendar date cannot be reasonably questioned.").  Thus, it is entirely possible that the RVR was authored on April 10, 2014, which would have been a Thursday, and not on one of Grimes' usual days off.

Regardless, the filing of a false rules violation report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights.  See Muhammad v. Rubia, No. C08-3209 JSW PR, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010), aff'd 453 Fed. App'x

751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (internal citation omitted); Harper v. Costa, No. CIVS07-2149 LKK DAD P, 2009 WL 1684599, at *2-3 (E.D. Cal. June 16, 2009), aff'd 393 Fed. App'x 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.").

Plaintiff has further alleged that Grimes failed to turn in the letter immediately in violation of prison regulations. (ECF No. 1 at 13.) However, violations of state prison rules and regulations, without more, do not support any claims under § 1983. Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may plaintiff pursue them under § 1983. Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Accordingly, plaintiff's allegations regarding the allegedly false report or Grimes' violation of prison rules and regulations fails to state a claim under § 1983.

**B. Entrapment**

Plaintiff claims he was entrapped into giving Grimes the letter and receiving a RVR for doing so. (ECF No. 1 at 14.) However, entrapment is an affirmative defense to a crime and cannot form the basis of a § 1983 claim. Snyder v. Ca Dep't of Corr. And Rehab., No. CV 18-1223 PSG (RAO), 2018 WL 6242167 at *6 (C.D. Cal. Nov. 9, 2018) (citing Mathew v. U.S., 485 U.S. 58, 62-63 (1988)).

**C. Sexual Harassment**

The Eighth Amendment prohibits cruel and unusual punishment of a person convicted of a crime. U.S. Const. amend. VIII. "The Constitution [] 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are

sufficiently grave to form the basis of an Eighth Amendment violation." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991) (internal citations omitted) (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 349).  Whether a specific act constitutes cruel and unusual punishment is measured by "the evolving standards of decency that mark the progress of a maturing society."  <u>Rhodes</u>, 452 U.S. at 346 (quoting <u>Trop v. Dulles</u>, 356 U.S. 86, 101 (1958) (plurality opinion)).  In evaluating a prisoner's claim, courts consider whether "'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation."  <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992) (quoting <u>Wilson</u>, 501 U.S. at 298, 303).

A sexual assault on an inmate by a prison official implicates the rights protected by the Eighth Amendment.  <u>Schwenk v. Hartford</u>, 204 F.3d 1187, 1197 (9th Cir. 2000); <u>see also</u> <u>Boddie v. Schnieder</u>, 105 F.3d 857, 861 (2d Cir. 1997) ("Sexual abuse may violate contemporary standards of decency and can cause severe physical and psychological harm").  "Although prisoners have a right to be free from sexual abuse, . . . , the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment."  Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (internal citation omitted).

While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the later to be in violation of the constitution."  <u>Minifield v. Butikofer</u>, 298 F.Supp.2d 900, 904 (N.D. Cal. 2004) (citing <u>Schwenk</u>, 204 F.3d at 1198)).

Plaintiff has alleged that he was sexually assaulted by Grimes.  However, none of the allegations contained in the complaint show that plaintiff was physically assaulted.  Verbal harassment may violate the Constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage."  <u>Keenan v. Hall</u>, 83 F.3d 1083, 1092 (9th Cir. 1996), as amended by 135 F.3d 1318 (9th Cir. 1998).  The allegations contained in the complaint were not "unusually gross" nor do they appear calculated to cause plaintiff psychological damage, plaintiff has characterized the exchanges with Grimes as

conversations about her personal life.  Accordingly, even though plaintiff has concluded that he

suffered emotion damage as a result, he has not stated facts sufficient to show that he suffered

sexual abuse sufficient to rise to the level of an Eighth Amendment violation.

Plaintiff claims that the Prison Rape Elimination Act (PREA) prohibits "the type of

conduct Mrs. Grimes practiced on [plaintiff], flirting, personal conversations, daily interactions."

(ECF No. 1 at 16.)

"Section 1983 imposes liability on anyone who, under color of state law, deprives a

person 'of any rights privileges, or immunities secured by the Constitution and laws.'"  Blessing

v. Freestone, 520 U.S. 329, 340 (1997).  However, in order to seek redress through § 1983 "a

plaintiff must assert the violation of a federal *right*, not merely a violation of a federal *law*."  Id.

(emphasis in original) (citing Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 106

(1989).  The PREA, 42 U.S.C. § 15601-15609, "authorizes the reporting of incidents of rape in

prison, allocation of grants, and creation of a study commission," but there is nothing in the

PREA to indicate that it created a private right of action, enforceable under § 1983.  Porter v.

Jennings, No. 1:10-cv01811 AWI DLB PC, 2012 WL 1434986, at *1, (E. D. Cal. Apr. 25, 2012);

see also  Law v. Whitson, No. 2:08-cv-0291 SPK, 2009 WL 5029564, at *4, (E.D. Cal. Dec. 15,

2009); Bell v. County of Los Angeles, No. CV 07-8187 GW(E), 2008 WL 4375768, at *6, (C.D.

Cal. 2008); Inscoe v. Yates, No. 1:08-cv-1588 DLB PC, 2009 WL 3617810, at *3, (E.D. Cal.

2009).  There is nothing in the PREA to indicate that it created a private right of action,

enforceable under § 1983.  See also Blessing, 520 U.S. at 340-41 (statutory provision gives rise to

federal right enforceable under § 1983 where the statute "unambiguously impose[d] a binding

obligation on the States" by using "mandatory, rather than precatory, terms").

Because the Act itself contains no private right of action, nor does it create a right

enforceable under §1983, plaintiff's allegation of a PREA violation fails to state a claim for relief.

**D.  Failure to Create Rules and Infliction of Emotional Distress**

Plaintiff complains that he has had issues related to advances from correctional officers

for over thirty years.  He complains that while the rules state prison staff shall not engage in

undue familiarity with inmates, there are no written rules or informational literature to inform

inmates of the possibility that staff may initiate inappropriate contact with inmates.  (ECF No. 1 at 17.)

Section 1983 does not create substantive rights, but instead acts as a vehicle for bringing federal constitutional and statutory challenges to actions by state and local officials.  Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff has not articulated any specific constitutional right that was violated by the failure to create rules or information regarding inmate behavior where prison staff attempt to initiate overfamiliar contact.  Accordingly, this allegation fails to state a cognizable § 1983 claim.

Plaintiff seeks compensatory damages for the infliction of emotional distress.  (ECF No. 1 at 20.)  However, plaintiff's claim for mental and emotional injuries is barred by a provision of the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(e).  Section 1997(e) provides that: "No Federal civil action may be brought by a prisoner confined in . . . prison . . . , for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined by section 2246 of title 18, United States Code)."  A "sexual act" as defined by 18 U.S.C. 2246(2) requires some physical contact.

Here, plaintiff has not alleged that he engaged in any physical contact with Grimes.  Accordingly, plaintiff is barred by § 1997e(e) from seeking damages for any alleged emotional injuries.

**E.  Fourteenth Amendment Due Process**

Plaintiff claims that Allen violated his right to due process during the disciplinary hearing.  (ECF No. 1 at 19-20.)

As stated above, the filing of a false RVR by a prison official is not a per se violation of an inmate's constitutional rights.  There are, however, two ways that allegations that an inmate has been subjected to a false disciplinary report can state a cognizable civil rights claim: (1) when the prisoner alleges that the false disciplinary report was filed in retaliation for his exercise of a

constitutional right and (2) when the prisoner alleges that she was not afforded procedural due process in a proceeding concerning a false report. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("[T]his court has reaffirmed that prisoners may still base retaliation claims on harms that would not raise due process concerns."); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (holding that the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural protections . . . are provided."); see also Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *3 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirement[] . . . .'") (quoting Hanrahan, 747 F.2d at 1140).

Prisoners subjected to disciplinary action are entitled to certain procedural protections under the Due Process Clause, although they are not entitled to the full panoply of rights afforded to criminal defendants. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Superintendent v. Hill, 472 U.S. 445, 455-456 (1985); United States v. Segal, 549 F.2d 1293, 1296-99 (9th Cir. 1977) (prison disciplinary proceedings command the least amount of due process along the prosecution continuum).

Prison disciplinary actions are subject to the following procedural requirements under Wolff: (1) written notice of the charges; (2) a hearing, with at least 24-hours advance notice; (3) a written statement by the fact finders of the evidence relied on and the reasons for taking disciplinary action; (4) the prisoner's right to call witnesses in his or her defense, if doing so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to prisoners who are illiterate or whose issues are particularly complex. Wolff, 418 U.S. at 556-71.

Plaintiff claims Allen failed to allow plaintiff to call several witnesses during his disciplinary hearing. Allegations indicating that prison officials refused to call a requested witness could potentially state a cognizable claim. Serrano v. Francis, 345 F.3d 1071, 1079-80

(9th Cir. 2003) (reasoning that prison officials can violate prisoners' due process right to call witnesses in their defense in disciplinary hearings by refusing to allow live witness testimony); Williams v. Thomas, 492 Fed. App'x 732, 733 (9th Cir. 2012) ("Prisoners have a limited procedural due process right to call witnesses at disciplinary hearings so long as it will not be unduly hazardous to institutional safety or correctional goals . . . Prison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify.").

However, plaintiff has not identified Allen as a defendant in this action. Thus, plaintiff has not stated a claim for violation of his due process rights during his disciplinary hearing.

## AMENDING THE COMPLAINT

As explained above, the complaint does not state a claim. However, plaintiff will be given the opportunity to file an amended complaint. In any amended complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

////

1   Any amended complaint must show the federal court has jurisdiction, the action is brought

2   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

3   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

4   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

5   Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

6   he does an act, participates in another's act or omits to perform an act he is legally required to do

7   that causes the alleged deprivation).

8   In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

9   R. Civ. P 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

10  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

11  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

12  The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

13  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

14  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

15  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

16  set forth in short and plain terms, simply, concisely, and directly.  See Swierkiewicz v. Sorema

17  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

18  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

19  Plaintiff is informed that the court cannot refer to a prior pleading in order to make his

20  amended complaint complete.  An amended complaint must be complete in itself without

21  reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all

22  prior pleadings are superseded.  Therefore, in an amended complaint, as in an original complaint,

23  each claim and the involvement of each defendant must be sufficiently alleged.

24  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

25  has evidentiary support for his allegations, and for violation of this rule the court may impose

26  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

27  ////

28  ///

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: December 13, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/cox1637.scrn

13