UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST L. COX,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-1637 DB P<br><br><br>ORDER |

Plaintiff is a state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims his rights were violated in connection with a 2014 rules violation for allegedly overfamiliar contact with a correctional officer. Presently before the court is plaintiff's amended complaint for screening. (ECF No. 8.) For the reasons set forth below, the court will give plaintiff the opportunity to proceed with the complaint as screened or to amend the complaint.

**SCREENING**

**I.　Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at 389.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

2

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff claims the events giving rise to his claims occurred while he was incarcerated at Mule Creek State Prison ("MCSP"). (ECF No. 8 at 3.) Plaintiff has named as defendants in this action: (1) correctional lieutenant Allen; (2) correctional officer Grimes; (3) correctional captain, Olivas; and (4) MCSP Warden Joe Lizarraga. (Id. at 1-2.)

Plaintiff claims that he would frequently talk to correctional officer Grimes, who supervised him while he was working as a porter, or janitor. (ECF No. 8 at 3.) Grimes "spoke of her personal affairs with [plaintiff] and with four other inmates." Plaintiff alleges Grimes flirted with him and watched him "in a suggestive manner," which plaintiff took "to mean that she was interested in him." Grimes would regularly summon plaintiff to the command station for conversations. One evening as plaintiff and Grimes were talking lieutenant Allen came to the command station and stated, "It's too late, I saw to much already." (Id. at 3-4.)

The following day plaintiff went to talk to Grimes at the command station, but Grimes told him she had been warned against having conversations with inmates at the command station. (Id. at 4.) Grimes then told plaintiff, "writing is good therapy." Plaintiff "took this to mean" that "Grimes wanted [plaintiff] to reduce their conversations to writings." Plaintiff approached the command station, told Grimes he had written her a letter, explained the contents of the letter, and asked if she wanted the letter. Grimes told plaintiff she wanted to receive the letter. Plaintiff

3

stated that he did not "want any trouble for giving her the letter, she responded, 'Don't worry, go get it.'" Plaintiff gave her the letter.

Grimes read the letter several hours after plaintiff gave it to her. (Id. at 5.) After reading the letter Grimes told plaintiff she felt disrespected. Plaintiff claims Grimes took the letter home with her that night and when she returned to work the following day, she took the letter to the program office.

The letter was read by Grimes's supervisors, Allen and Olivas. (Id. at 6.) Grimes was brought to the program office and questioned about the letter. Allen also questioned plaintiff about the letter. Allen told plaintiff Olivas and Lizarraga were concerned that plaintiff was trying to establish a relationship with Grimes. Plaintiff was fired from his job, moved to a different building, and ordered not to speak to or look at Grimes.

Several days later plaintiff received a rules violation report (RVR) charging him with "unlawful influence." (Id. at 7.) The RVR stated that plaintiff gave Grimes a letter on "Sunday 04/09/14." Plaintiff was called to the program office on April 19, 2014 for the hearing on the RVR. Plaintiff was surprised to find that Allen had been assigned as the hearing officer because he had questioned plaintiff and Grimes about the letter. Allen told plaintiff Olivas and Lizarraga assigned Allen to hear the RVR.

Plaintiff told Allen he had evidence and witnesses he wanted to present. (Id.) Allen asked plaintiff what information his witnesses would present. Plaintiff indicated he sought to question Grimes about whether she gave him permission to give her the letter. (Id. at 7-8.) Plaintiff stated inmate witnesses would testify that Grimes was talkative and flirtatious with other inmates and that they observed plaintiff give Grimes the letter. Allen told plaintiff that the proposed testimony was irrelevant. (Id. at 8.) Allen further stated that Olivas and Lizarraga were watching the hearing and told Allen the only relevant question is whether plaintiff gave Grimes the letter. Allen asked if plaintiff gave Grimes the letter. Plaintiff admitted to giving Grimes the letter and explained that he asked permission, Grimes gave him permission to give her the letter, Grimes took the letter home before she turned it in, and plaintiff claimed the defense of entrapment. Allen listened to plaintiff's explanation and told plaintiff he would dismiss the RVR except he

4

had been ordered by Olivas and Lizarraga to find plaintiff guilty. Plaintiff was found guilty and assessed thirty-days loss of behavioral credits and ten days confined to quarters.

### III. Does Plaintiff State a Claim Under § 1983?

Plaintiff claims that his due process rights were violated in connection with a disciplinary hearing. (ECF No. 8 at 9.) Plaintiff's claim is based on the following allegations: (1) the written notice of the charge contained an error; (2) Allen denied his request to present witnesses; (3) Allen investigated the facts giving rise to the RVR and presided over the hearing; and (4) Olivas and Lizarraga directed Allen to find plaintiff guilty. (Id. at 9-10.) The court will address each allegation in turn to determine if plaintiff has stated a potentially cognizable due process claim.

#### A. Legal Standards

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply. See id. But the Due Process Clause requires certain minimum procedural protections where serious rules violations are alleged, the power of prison officials to impose sanctions is narrowly restricted by state statute or regulations, and the sanctions are severe. See id. at 556–57, 571–72 n.19.

Wolff established five constitutionally mandated procedural requirements for disciplinary proceedings. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Id. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. And fifth, "[w]here an illiterate inmate is involved [or] the complexity of the issue makes it

unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." Id. at 570.

Additionally, "some evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached." Id. at 455–56.

### B. Discussion

#### 1. Notice of the Charges

Plaintiff claims that the notice requirement was inadequate because the RVR stated that he gave Grimes the letter on Sunday April 9, 2014, but in 2014 April 9 fell on a Wednesday. (ECF No. 8 at 9.)

The notice requirement is met so long as the plaintiff receives twenty-four-hour advanced written notice of the charges against him. Wolff, 418 U.S. at 563-64. Here, it is clear that plaintiff was aware of the conduct that the RVR referred to even though the day of the week was incorrect. Additionally, plaintiff has not alleged that the notice was received less than twenty-four hours before the hearing. Therefore, even though the notice contained an error, it was not insufficient because it was received in advance of the hearing and alerted plaintiff to the action at issue in the RVR.

Accordingly, plaintiff's allegations regarding the notice requirements fail to state a cognizable claim.

#### 2. Witnesses

Plaintiff claims that his rights were violated because Allen denied his requested witnesses as "irrelevant." (ECF No. 8 at 9-10.) Allegations indicating that prison officials refused to call a requested witness could potentially state a cognizable claim. Serrano v. Francis, 345 F.3d 1071, 1079-80 (9th Cir. 2003) (reasoning that prison officials can violate prisoners' due process right to call witnesses in their defense in disciplinary hearings by refusing to allow live witness

testimony); Williams v. Thomas, 492 Fed. App'x 732, 733 (9th Cir. 2012) ("Prisoners have a limited procedural due process right to call witnesses at disciplinary hearings so long as it will not be unduly hazardous to institutional safety or correctional goals . . . Prison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify."). However, the right to call witnesses is not unlimited and hearing officers may deny a requested witness on grounds other than institutional safety. Wolff, 418 U.S. at 566 (witnesses may be denied in order to keep hearing within reasonable limits, as well as "for irrelevance, lack of necessity, or the hazards presented in individual cases").

Plaintiff's allegation that Allen denied his requested witnesses because the hearing officer found the testimony to be offered irrelevant fails to state a cognizable due process claim.

### 3. Hearing Officer

Plaintiff alleges that his due process rights were violated because Allen investigated the facts giving rise to the RVR and served as the hearing officer. (ECF No. 8 at 10.) In support of this allegation plaintiff claims that Allen investigating the RVR and later presiding over the hearing is a violation of CDCR regulation § 3320(h).

Section 3320, subdivision (h) of Title 15 of the California Code of Regulations states: "Staff who observed, reported, classified, supplied supplemental reports to, or investigated the alleged rule violation; who assisted the inmate in preparing for the hearing; or for any other reason have a predetermined belief of the inmate's guilt or innocence shall not hear the charges or be present during deliberations to determine guilt or innocence and disposition of the charges." Thus, it appears that plaintiff has stated a violation of Title 15 of the California Code of Regulations, which precluded Allen from serving as the hearing officer because he took statements from plaintiff and Grimes regarding the incident. However, a violation of a state regulation does not give rise to a constitutional violation. See, e.g., Jones v. Woodward, No. 1:14-cv-02084-LJO-SAB (PC), 2016 WL 7374585, at *10 (E.D. Cal. Dec. 19, 2016) ("A violation of state regulations or prison policies, standing alone, cannot form the basis of a viable section 1983 claim.") (citing West v. Atkins, 487 U.S. 42, 48 (1988)); see also Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). Only

if the events complained of rise to the level of a federal statutory or constitutional violation may plaintiff pursue them under § 1983. Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Allen's dual role as investigator and hearing officer alleges only a violation of state law, and thus fails to state a cognizable claim under § 1983.

### 4. Predetermination of Guilt

Plaintiff claims that he was denied due process during the disciplinary hearing because Olivas and Lizarraga told Allen to find plaintiff guilty of the RVR. (ECF No. 8 at 10.)

An inmate subject to disciplinary sanctions that include the loss of good time credits is entitled to a sufficiently impartial fact finder. Wolff, 418 U.S. at 570-71. Plaintiff has alleged that Allen, the hearing officer, was not impartial because he was instructed to find plaintiff guilty. The court finds plaintiff's allegations are sufficient to state a potentially cognizable due process claim against defendant Allen. However, the court finds that the allegations fail to state a claim as to defendants Olivas and Lizarraga.

Plaintiff has alleged only that Olivas and Lizarraga talked to Allen before the hearing. There are no allegations that Olivas or Lizarraga were involved in the hearing. Because there is no supervisory liability and plaintiff has failed to allege facts showing their specific involvement in the hearing, plaintiff has failed to state a claim against Olivas or Lizarraga. See See Fayle, 607 F.2d at 862 (When a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged); Johnson, 588 F.2d at 743 ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.").

### 5. Grimes

Plaintiff has set forth factual allegations detailing his interactions with defendant Grimes. (ECF No. 8.) As set forth in the court's December 16, 2019 screening order, the conversations between plaintiff and Grimes do not amount to a constitutional violation. (ECF No. 5.) In the

8

amended complaint plaintiff has alleged that his due process rights were violated for several reasons. However, he has not set forth any facts showing how Grimes interfered with his right to due process.

Accordingly, the complaint fails to state a claim against defendant Grimes.

## AMENDING THE COMPLAINT

As stated above, the court has determined that the complaint states a claim against Allen, but fails to state a claim against Grimes, Olivas, and Lizarraga. Accordingly, plaintiff will be given the opportunity to proceed with the complaint as screened or amend the complaint. Should plaintiff choose to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

9

Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (ECF No. 8) states a potentially cognizable due process claim against defendant Allen as set forth in Section III above. The complaint fails to state a claim as to defendants Grimes, Olivas, and Lizarraga.

////

2. Accordingly, plaintiff will be given the option to proceed with the complaint as screened or amend the complaint.
3. Within thirty (30) days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.
4. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: April 8, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/cox1637.scrn2

11

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST L. COX,<br><br>        Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN, et al.,<br><br>        Defendants. | No. 2:19-cv-1637 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

    Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his due process claims against defendant Allen. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                            Ernest L. Cox<br>                                                            Plaintiff pro se