UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE COX,<br><br>                Plaintiff,<br><br>        v.<br><br>SCOTT KERNAN, et al.,<br><br>                Defendants. | No. 2:19-cv-01637 JAM DB<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with a civil rights complaint under 42 U.S.C. § 1983. The action proceeds on plaintiff's second amended complaint, as screened by the court. (ECF No. 11.) Plaintiff claims his due process rights were violated as defendant was not an impartial hearing officer during a 2014 rules violation hearing.

Before the court is defendant's motion to dismiss. (ECF No. 21.) For the foregoing reasons, the court will recommend that defendant's motion to dismiss be granted and plaintiff's second amended complaint be dismissed without leave to amend.

## BACKGROUND

**I.      Procedural Background**

Plaintiff filed this action pursuant to 42 U.S.C § 1983 on August 22, 2019. (ECF No. 1.) Plaintiff filed an amended complaint on December 30, 2019. (ECF No. 8.) A second amended complaint ("SAC") was filed on May 1, 2020. (ECF No. 11.) The court screened the SAC,

1

determined it stated a cognizable claim against defendant Correctional Lieutenant M. Allen, and ordered service appropriate on defendant Allen. (ECF No. 13.) On November 30, 2020, defendant filed the motion to dismiss presently before the court. (ECF No. 21.) Plaintiff filed an opposition to the motion to dismiss (ECF No. 24) and defendant filed a reply to plaintiff's opposition (ECF No. 28).

## II.  Factual Allegations

Plaintiff is a state prison inmate currently housed at Mule Creek State Prison ("MCSP"). (ECF No. 11 at 1.) At all relevant times, plaintiff was an inmate at MCSP. (Id. at 2.)

In his SAC, plaintiff alleges the following: Correctional Officer Grimes and plaintiff frequently spoke and plaintiff believed Grimes "was interested in him." (ECF No. 11 at 2-3.) While plaintiff was speaking with Grimes, defendant approached them and stated, "it's too late, I saw to [sic] much already." (Id.) When plaintiff next spoke with Grimes, she informed plaintiff that she had been warned against having conversations with inmates at the command station. (Id. at 3.) Grimes also told plaintiff that "writing is good therapy" which plaintiff believed meant "Grimes wanted [plaintiff] to reduce their conversations to writing." (Id.)

Plaintiff wrote Grimes a letter, who then read it, while reassuring plaintiff not to worry about getting in trouble. (Id.) Subsequently, Grimes gave the letter to her supervisors: defendant Allen and Captain Olivas. (Id. at 4.) Plaintiff and Grimes were questioned by defendant due to concern from Olivas and Warden Lizarraga that plaintiff was trying to establish a relationship with Grimes. (Id.) Plaintiff was then fired from his job, moved to a new building at MCSP, and ordered not to speak or look at Grimes. (Id.)

Plaintiff later received a rules violation report ("RVR") for "unlawful influence" and a hearing was held regarding the RVR on April 19, 2014. (Id. at 6.) Defendant was assigned as the hearing officer by Captain Olivas and Warden Lizarraga despite defendant having previously questioned Grimes and the plaintiff. (Id.) During the hearing, defendant denied plaintiff's requests to question Grimes and other inmates about whether Grimes had requested the letter and been flirtatious with other inmates. (Id. at 6-7.) Defendant told plaintiff the only question that mattered was whether plaintiff had given Grimes the letter. (Id. at 7-8.) Plaintiff admitted he had

but explained that Grimes had given him permission to give her the letter. (Id. at 8.) Defendant told plaintiff he would dismiss the RVR but Olivas and Lizarraga were watching the hearing and had ordered defendant to find plaintiff guilty. (Id. at 7-8.) Plaintiff was found guilty, assessed a thirty-day behavioral credit penalty, and confined to quarters for ten days. (Id.)

Plaintiff claims that his due process rights were violated as defendant was not an impartial trier of fact during the RVR hearing conducted on April 19, 2014. (Id. at 9.)

**STANDARD FOR MOTION TO DISMISS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must accept as true the allegations of the complaint, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). A pro se complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678.

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium). The court must give a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the

3

claim that were not pled. Ivey v. Bd. Of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citing Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)).

## DISCUSSION

Defendant moves to dismiss this action on four separate grounds: (1) the claims are barred by claim preclusion; (2) the claims are barred by the statute of limitations; (3) the SAC fails to allege a Fourteenth Amendment due process violation; and (4) the claims are barred by the Eleventh Amendment. (See ECF No. 21-1 at 12-23.) Each of the grounds in the motion to dismiss, as well as plaintiff's opposition to them and defendant's replies, will be analyzed in turn.

### I. Claim Preclusion

#### A. Arguments in Defendant's Motion to Dismiss and Reply

Defendant asserts that plaintiff's claims in the present action are subject to claim preclusion as a result of plaintiff's previous habeas petitions filed with the Superior Court of Amador County, the California Court of Appeal, and the California Supreme Court. (ECF No. 21-1 at 14.) Defendant argues that privity exists between defendant and the habeas petition respondents and that plaintiff raised the "same alleged due process violations of Defendant Allen" in the habeas petition. (ECF No. 28 at 3.) Defendant also claims that the case was decided on the merits as there was a "reasoned denial" by the superior court. (Id. at 3.)

#### B. Plaintiff's Opposition

Plaintiff opposes on the basis that defendant was not in privity with the respondents named in the state habeas petitions. (ECF No. 24 at 8.) Plaintiff claims that defendant is not in privity with the respondents of his habeas petitions because "[defendant Allen's] liability is different from any of the state habeas respondents." (Id. at 9.) Plaintiff also argues that, even if the defendant is found to be in privity with the habeas respondents, claim preclusion should not apply as the state habeas petition was not decided on the merits. (Id. at 9.) Specifically, plaintiff
////

1  asserts that claim preclusion does not apply because the state courts were unable to award
2  damages and there was no "adversarial testing of the writ." (Id. at 9-10.)

### C. Legal Standard

The doctrine of res judicata, or claim preclusion, "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." United Staes v. Tohono O'Odham Nation, 563 U.S. 307, 315, 131 S. Ct. 1723, 179 L. Ed. 2d 723 (2011) (citation and internal quotation marks omitted). Under the Full Faith and Credit Statute, 28 U.S.C. § 1738, a federal court must accord a state judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was entered. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 83, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984) (state court final judgments are entitled to claim preclusion in federal § 1983 actions); accord, Allen v. McCurry, 449 U.S. 90, 103-04, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980) (state court final judgments are entitled to issue preclusion in federal § 1983 actions); Clark v. Yosemite Comm. College Dist., 785 F.2d 781, 788 n.9 (9th Cir. 1986) (collecting cases).

In determining whether a state court decision is preclusive, federal courts are required to refer to the preclusion rules of the relevant state. Miofsky v. Superior Court of California, 703 F.2d 332, 336 (9th Cir. 1983). In Furnace v. Giurbino the Ninth Circuit found that, under California claim preclusion case law, a petition for writ of habeas corpus filed in California court can have a preclusive effect on a subsequent § 1983 action "if the second suit involves: (1) the same cause of action (2) between the same parties or parties in privity with them (3) after a final judgment on the merits in the first suit." Furnace v. Giurbino, 838 F.3d 1019, 1023 (9th Cir. 2016) (quoting DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 818 (Cal. 2015)) (analyzing California law to determine what is necessary to establish a preclusive effect). California law determines whether each of these requirements is been met. See Furnace, 838 F.3d at 1024-28.

#### 1. Same Cause of Action

California law dictates that the contours of a cause of action are determined by applying the primary rights doctrine. Under this doctrine, a cause of action is defined as: "(1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant,

5

and (3) a harm done by the defendant which consists in a breach of such primary right and duty." Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009) (citations and internal quotation marks omitted). "Under California law, the claim arises from the harm suffered, as opposed to the particular theory of the litigant. Even when multiple legal theories for recovery exist, one injury gives rise to only one claim for relief." Eichman v. Fotomat Corp., 759 F.2d 1434, 1438 (9th Cir. 1985) (citing Slater v. Blackwood, 15 Cal. 3d 791, 794-95 (Cal. 1975)).

### 2. Between the Same Parties or Parties in Privity with Them

"California claim preclusion law . . . prevents litigation 'between the same parties or parties in privity with them.'" Furnace, 838 F.3d at 1028 (quoting DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 824, 189 Cal. Rptr. 3d 809, 352 P.3d 378 (2015)). Privity exists where a party is "so identified in interest with another that he represents the same legal right." Lerner v. Los Angeles City Bd. of Ed., 59 Cal. 2d 382, 398 (1963) (quoting Zaragosa v. Craven, 33 Cal. 2d 315, 318 (1949)); See Trujillo v. Santa Clara County, 775 F.2d 1359, 1367 (9th Cir. 1985). When parties are agents of the same government, they are in privity. Lerner v. Los Angeles City Bd. of Ed., 59 Cal. 2d 382, 398 (Cal. 1963) ("agents of the same government are in privity with each other"); See Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government.").

### 3. Final Judgment on the Merits

Claim preclusion only applies when there has been a final judgment on the merits of the claim. Furnace, 838 F.3d at 1023. "A judgment is on the merits for purposes of res judicata if the substance of the claim is tried and determined." Johnson v. City of Loma Linda, 24 Cal. 4th 61, 77, 99 Cal. Rptr. 2d 316, 5 P.3d 874 (2000) (citation and internal quotation marks omitted). "'A prior judgment operates as a bar against a second action upon the same cause, but in a later action upon a different claim or cause of action, it operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action.'" Taylor v. Hawkinson, 47 Cal. 2d 893, 895-96, 306 P.2d 797 (1957) (quoting Sutphin v. Speik, 15

1  Cal. 2d 195, 202, 99 P.2d 652 (1940)).  Under California's claim preclusion doctrine, a state

2  court's "reasoned denial" of a habeas petition has a preclusive effect on the claims raised in the

3  petition.  Gonzalez v. California Department of Corrections, 739 F.3d 1226, 1231 (9th Cir. 2014).

4  A subsequent, unexplained denial by an appellate court is also a reasoned denial as it rests on the

5  same grounds as the lower court's denial.  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

### D. Analysis

The requirements under California law for claim preclusion to apply, as established in Furnace, 838 F.3d at 1023, are satisfied in the present case.

#### 1. Same Cause of Action

In the instant § 1983 action and each of his prior state habeas petitions[1], plaintiff raised the same claim that he was denied an impartial hearing officer during his RVR hearing in violation of his due process rights.  (ECF No. 22 at 9-10; ECF No. 21-2 at 31, 126, 230.)  California's primary rights doctrine defines a cause of action as: "(1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty."  Brodheim, 584 F.3d at 1268.

In the present action and prior habeas petitions, plaintiff claimed that he possessed a due process right to an impartial trier of fact, that defendant had a duty to act as an impartial hearing officer, and that he was harmed when defendant breached his duty and plaintiff's corresponding right.  (ECF No. 11 at 9-10; ECF No. 21-2 at 31, 126, 230.)  Thus, under California law, the present action and prior state habeas consist of the same cause of action as they arise from the same harm.  Brodheim, 584 F.3d at 1268; Eichman, 759 F.2d at 1438.  Plaintiff also does not

---

[1] Defendant requests that the court take judicial notice of the three habeas petitions filed by the plaintiff. (ECF No. 21-1 at 1.) The court may take judicial notice of state and federal court records. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts). Accordingly, the request to take judicial notice of the habeas petitions will be granted. On its own motion, the court also takes judicial notice of the civil rights case filed by plaintiff in the Superior Court of Amador County. This case is accessible under case number 15-CVC-09354. Case records from the Superior Court of Amador County can be found at https://eservices.amadorcourt.org/eservices/.

appear to dispute that he previously raised the same cause of action. (See ECF No. 24.) As the cause of action in the present case was previously raised in these state habeas petitions, the first requirement for claim preclusion is satisfied. Furnace, 838 F.3d at 1023.

### 2. Privity

The parties in the present petition are in privity with the parties in plaintiff's three state habeas petitions. The habeas petitions addressed the same issues raised here and the defendant in this action is "closely aligned in interest" with the respondents in the previous state petitions. Nordhorn, 9 F.3d at 1405. Both the defendants and the prior respondents are employees of the California Department of Corrections and Rehabilitation. As such, there exists privity between them as agents of a government addressing the same issue. See Lerner, 59 Cal. 2d at 398. Similarly, the Ninth Circuit in Furnace found that a prison official named as a defendant in a § 1983 action was in privity with agents of the same government named in a previous habeas petition despite the prison official not being named in the previous habeas petition. Furnace, 838 F.3d at 1028. As privity exists between the defendant and respondents in this case and plaintiff is a party in both actions, the second requirement for claim preclusion is satisfied. Id. at 1023.

### 3. Final Judgment on the Merits

Finally, the cause of action raised by the plaintiff in the present case was adjudicated on the merits in the prior habeas petition. In Gonzalez, the Ninth Circuit found that the state court's denial of a habeas petition on the grounds that there was "'some evidence' that [the petitioner] was a gang associate" was a reasoned denial for purposes of claim preclusion. 739 F.3d at 1234.

Here, the superior court "read and considered" plaintiff's petition and entered a judgment. (ECF No. 21-2 at 104.) Just as in Gonzalez, the superior court applied a "some evidence" standard and ultimately found that there was "some basis in fact" for the RVR hearing decision. Gonzalez, 739 F.3d at 1231. Thus, the superior court issued a reasoned denial of the plaintiff's petition. See Claiborne v. Zhang, 2015 WL 1787781, 3 (E.D. Cal. 2015).

As the superior court issued a reasoned denial, there has been a final judgment on the merits for the purposes of claim preclusion. Gonzalez, 739 F.3d at 1231. The subsequent unexplained denials by the California Court of Appeals and California Supreme Court are

8

reasoned denials as they rest upon the same grounds as the superior court's judgement. Ylst, 501 U.S. at 803. It is also irrelevant that plaintiff would have been unable to obtain damages through his habeas petitions. Furnace, 838 F.3d at 1026.

### 4. Claim Preclusion

All three requirements set out in Furnace are thus satisfied and the claims raised in plaintiff's previous state habeas petition have a preclusive effect on subsequent § 1983 actions. Furnace, 838 F.3d at 1023. Plaintiff's due process claims are subject to res judicata and are barred from relitigation. Id. It will be recommended that the motion to dismiss be granted and that this action be dismissed.

## II. Statute of Limitations

Defendant argues that this action should be dismissed as it was not timely filed within the statute of limitations. (ECF No. 21-1 at 18.) Plaintiff claims that during his federal habeas proceedings the court previously applied statutory tolling for the period when his state habeas actions were pending. (ECF No. 24 at 11.) Plaintiff argues this previous ruling should be binding here. (Id.) Defendant disagrees on the ground that the statute of limitations for habeas petitions is different from § 1983 actions. (ECF No. 28 at 5.)

### A. Legal Standard

For actions under 42 U.S.C. § 1983, this court applies California's "statute of limitations for personal injury actions" as well as California's law "regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); see also Azer v. Connell, 306 F.3d 930, 935-36 (9th Cir. 2002). In California, the statute of limitations for personal injury actions is two years. See Cal. Code Civ. Proc. § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).

This period is statutorily tolled for two years for a person who is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." See Cal. Code Civ. Proc. § 352.1(a); Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000). Additionally, "the applicable statute of limitations must be tolled while a prisoner completes the mandatory [administrative] exhaustion process." Brown v. Valoff, 422 F.3d 926,

9

943 (9th Cir. 2005). Because administrative exhaustion is statutorily required of prisoner civil rights complaints under the Prison Litigation Reform Act, see 42 U.S.C. § 1997e(a), this requirement provides a federal statutory basis to invoke the state's equitable tolling. See, e.g., Johnson v. Rivera, 272 F.3d 519 (7th Cir. 2001).

For equitably tolling to apply, three conditions must be met: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999) (citation omitted); see also Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003) ("This court has applied equitable tolling in carefully considered situations to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice."); But see Diggs v. Williams, No. CIV S-05-1168 DFL GGH P, 2006 WL 1627887, at *3 (E.D. Cal. June 8, 2006) ("California courts have declined to find equitable tolling in cases where the plaintiff's own conduct delayed the prosecution of his previous action."), rep. and reco. adopted, 2006 WL 2527949 (E.D. Cal. Aug. 31, 2006). California courts have held that the defendant must be named in both claims for equitable tolling to apply during the pendency of the first claim. Daviton v. Columbia/HCA Healthcare Corp, 241 F.3d 1131, 1138 (9th Cir. 2001); Apple Valley Unified Sch. Dist. v. Vavrinek, Trine, Day & Co., 98 Cal. App. 4th 934, 954 (2002); Collier v. City of Pasadena, 142 Cal. App. 3d 917, 924 (1983).

"Although state law determines the length of the limitations period, 'federal law determines when a civil rights claim accrues.'" Azer, 306 F.3d at 936 (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000)). A claim accrues under federal law when "the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

**B. Analysis**

Based on the SAC, the plaintiff's due process claims accrued on April 19, 2014, when plaintiff became aware of the actions which he alleges violated due process rights. (ECF No. 11 at 6.) Plaintiff filed the present action on August 22, 2019. (ECF No. 1.)

////

The court applies the two-year statute of limitations set by California's personal injury statute of limitations. Jones, 393 F.3d at 927; Cal. Code Civ. Proc. § 335.1. As plaintiff is incarcerated on a term of life imprisonment (ECF No. 21-2 at 307), the statutory tolling requirements of Cal. Code Civ. Proc. § 352.1(a) do not apply. See Cal. Code Civ. Proc. § 352.1(a); Johnson, 207 F.3d at 654. However, the statute of limitation was tolled while plaintiff's administrative reviews were pending. Brown, 422 F.3d at 943. Plaintiff administrative appeals were exhausted, and thus this statutory tolling period ended, on December 15, 2014. (ECF No. 21-2 at 40-41; See ECF No. 24 at 12.)

Plaintiff appears to argue that equitable tolling should apply while his habeas petitions and state civil rights complaints were pending in the state court.[2] (ECF No. 24 at 12; See ECF No. 21-2 at 10, 105, 209.) For equitable tolling to apply, "defendant must have had timely notice of the claim." Fink, 192 F.3d 916. Defendant was not named in the plaintiff's state habeas petitions. (See ECF No. 21-2 at 10, 105, 209.) Defendant was also not named in the state civil rights complaints filed by the plaintiff. Cox v. Beard, et al., 15-CVC-09354 (Super. Ct. Amador Cnty. 2015). Thus, defendant did not have timely notice of the claim as he was not named in the prior actions. Daviton, 241 F.3d at 1138. Given the lack of timely notice, equitable tolling does not apply to the period when plaintiff's habeas petitions and state civil rights claims were pending. Fink, 192 F.3d 916.

Plaintiff also claims that, as it was determined during his federal habeas proceedings that tolling applied while his state habeas was pending, res judicata requires that his claims be considered tolled in the present action. (ECF No. 24 at 11.) In plaintiff's federal habeas petition, plaintiff's claims were determined to be statutorily tolled during the pendency of his state habeas petition. Cox v. Kernan, 2019 WL 2024596, *3-4 (E.D. Cal. 2019). However, those claims were

---

[2] Generally, the question of equitable tolling cannot be decided on a motion to dismiss because the question is too fact-specific and requires examination of matters beyond documents that may be judicially noticed. See Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995); Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993). Here, however, plaintiff asserts he is entitled to equitable tolling only on the basis of his series of habeas corpus and civil rights actions in state court. Because this court may take judicial notice of those proceedings and has done so, they may be considered on a motion to dismiss.

11

determined to be tolled pursuant to 28 U.S.C. § 2244(d)(2).  Id.  The tolling provisions provided in § 2244 related only to "an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  See 28 U.S.C. § 2244(d)(1).  The statutory tolling provisions in § 2244 do not apply to the present case as it is a civil rights action brought under § 1983.  (See ECF No. 11 at 1.)

Given the above, plaintiff claims were statutorily tolled until December 15, 2014.  (ECF No. 21-2 at 40-41; See ECF No. 24 at 12.)  At that time, they were no longer statutorily or equitably tolled.  Plaintiff filed the present action on August 22, 2019.  (ECF No. 1.)  This is more than two years after the plaintiff's claims were no longer tolled.  As such, the present action was filed outside the statute of limitations imposed by California law.  Accordingly, plaintiff's claims should be barred as untimely.  It will be recommended that the motion to dismiss be granted and this action be dismissed.

### III. Sufficiency of Plaintiff's Fourteenth Amendment Claims

Defendant argues that plaintiff does not have a protected interest in the outcome of the April 19, 2014 RVR hearing and, as such, fails to allege a due process violation under the Fourteenth Amendment.  (ECF No. 21-1 at 20.)  Defendant asserts that plaintiff cannot establish a liberty interest as he is serving a term of life without parole and therefore the loss of good-time credits will not alter the length of his sentence.  (Id. at 21.)  Plaintiff argues that he has a property interest in his job and the benefits it provided.  (ECF No. 24 at 14.)  Plaintiff claims he lost this job and its related privileges as a result of being found guilty at the RVR hearing.  (Id.)

#### A. Legal Standard

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (quotation marks omitted).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which protection is sought.  Id.

A state may "create liberty interests which are protected by the Due Process Clause."  Sandin, 515 U.S. at 483-84.  A prisoner has a liberty interest protected by the Due Process Clause

only where the restraint "'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484). A plaintiff must assert a dramatic departure from the standard conditions of confinement before due process concerns are implicated. Sandin, 515 U.S. at 485-86; Keenan, 83 F.3d at 1088-89.

### B. Analysis

Plaintiff has not stated a claim under the Fourteenth Amendment as he has not established the existence of a life, liberty, or property interest.

Plaintiff is currently serving a sentence of life without the possibility of parole. (ECF No. 21-2 at 307.) Therefore, the loss of good time credits cannot be a restriction that would exceed plaintiff's sentence. Sandin, 515 U.S. at 484. The loss of good time credits also does not impose any significant hardship on the plaintiff as it does not alter his sentence in any practical way. Id. Thus, the loss of good time credits is not a sufficient interest to state a due process claim.

Plaintiff was also given ten days of confinement to his quarters as a result of the rules violation. (ECF No. 11 at 9.) Placement in disciplinary segregation is not sufficient to create a due process claim. See, e.g., Borcsok v. Early, 299 F. App'x 76, 78 (2nd Cir. 2008) (ninety-day "confinement and loss of privileges did not rise to a liberty interest, warranting procedural due process protection"); Williams v. Foote, No. CV 08-2838-CJC (JTL), 2009 WL 1520029, at *10 (C.D. Cal. May 28, 2009) (no protected liberty interest for 701 days stay in administrative segregation); Rodgers v. Reynaga, No. CV 1-06-1083-JAT, 2009 WL 621130, at *2 (E.D. Cal. Jan. 8, 2009) (retention in administrative segregation for five months was not an atypical and significant hardship). According to the SAC, plaintiff was only subject to confinement to his cell, not the more severe punishment of administrative segregation. (ECF No. 11 at 9.) Further, the brief time plaintiff spent confined to his quarters is relevant to the conclusion that he does not state a liberty interest. See Sandin, 515 U.S. at 486-87 (duration of the condition is a factor to be considered); Holland v. Schuyler, No. 1:16-cv-1271-DAD-GSA-PC, 2017 WL 3601493, at *5 (E.D. Cal. Aug. 22, 2017) (plaintiff with spinal degeneration who was forced to sleep on a bad mattress did not establish a liberty interest); Manzanillo v. Moulton, No. 13-cv-2174-JST (PR),

2014 WL 4793780, at *12-13 (N.D. Cal. Sept. 25, 2014) (35-day stay in noisy psychiatric unit in which other inmates threw feces and urine not an atypical and significant hardship); Skinner v. Schriro, No. CV 06-1879-PHX-SMM, 2009 WL 10695438, at *1, (D. Ariz. July 10, 2009) (segregated housing that included loss of privileges, loss of electrical appliances, and stifling temperatures for 90 days not atypical and significant); Baker v. Walker, No. CIV S-08-1370 DAD P, 2008 WL 2705025, at *3 (E.D. Cal. July 9, 2008) (temporary loss of privileges not "a dramatic departure from the basic conditions" of prison life). Given this, plaintiff's ten-day period confined to quarters does not establish a liberty interest sufficient to state a due process claim.

Finally, plaintiff alleges he has a property interest in a job he was fired from as a result of the RVR as well as his subsequent denial from another job. "The Due Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in prison employment.'" Walker v. Gomez, 370 F.3d 969, 973 (9th Cir. 2004) (quoting Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir.1986) (per curiam)) (citations omitted). Plaintiff's loss of his job does not establish a property or liberty interest. Id. For the same reasons, plaintiff also cannot claim a property or liberty interest in a job for which he was being interviewed as there is no property or liberty interest in prison employment. Walker, 370 F.3d at 973.

As such, plaintiff fails to establish the existence of a life, liberty, or property interest in his SAC. Given the lack of life, liberty, or property interest, the plaintiff has not alleged sufficient facts to state a due process claim under the Fourteenth Amendment. It will be recommended that the motion to dismiss be granted as plaintiff's complaint fails to state a claim.

### IV. Eleventh Amendment Bar

Defendant asserts that plaintiff's claims against the defendant "in his official capacity" are barred by the Eleventh Amendment. (ECF No. 21-1 at 23.)

#### A. Legal Standard

The Eleventh Amendment bars suits for money damages in federal court against state officials in their official capacity. Aholelei v. Department of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). However, it does not bar claims brought against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991); Porter v.

Jones, 319 F.3d 483, 491 (9th Cir. 2003).  "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer, 502 U.S. at 25; Suever v. Connell, 579 F.3d 1047, 1060-61 (9th Cir. 2009).  Additionally, it does not bar official capacity suit for prospective injunctive relief.  Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010).

**B. Analysis**

Plaintiff states in the SAC that "Defendant Allen is being sued here in his official and personal capacity." (ECF No. 11 at 10.)  Plaintiff also states he is seeking "compensatory and punitive damages." (Id.)

As plaintiff only seeks monetary damages (ECF No. 11 at 10), to the extent plaintiff brings claims against defendant in his official capacity, defendant is correct that these claims are barred by the Eleventh Amendment.  Aholelei, 488 F.3d at 1147.  However, plaintiff's claims against defendant in his personal capacity are not barred.  Hafer, 502 U.S. at 25; Shoshone-Bannock Tribes, 42 F.3d at 1284.

Accordingly, it is recommended that defendant's motion to dismiss plaintiff's claims against defendant in his official capacity be granted.

## NO LEAVE TO AMEND

A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.  Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995) (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).  However, futile amendments should not be permitted.  See, e.g., DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987), (quoting Klamath—Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)).  If, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1005-06.

The court finds that granting plaintiff leave to amend would be futile because his claims are barred by res judicata and the statute of limitations.  As such it will be recommended that the second amended complaint be dismissed without leave to amend.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendant Allen's motion to dismiss (ECF No. 21) be granted and the second amended complaint be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 25, 2021

/s/ Deborah Barnes

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB:1/Orders/Prisoner/Civil.Rights/S/cox1637.mtd_fr